IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Annette Bennett, ) | |
| ) | Civil Action No. 8:06-0264-CMC-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Annette Bennett, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. The Commissioner filed a motion seeking to remand pursuant to sentence four of § 405(g). (Docket Entry #11.) The court granted the Commissioner's motion and remanded the case pursuant to sentence four finding the ALJ had erred in reaching his decision because he failed to provide a rationale for the weight assigned to all medical opinions of record and the Appeals Council failed to include new evidence in the administrative record. (Docket Entry #12.)[1] Thereafter, the plaintiff filed a motion to amend the order to provide that the remand was pursuant to both

---

[1] The court immediately granted the Commissioner's motion on the representation that the plaintiff did not oppose the motion. (Def.'s Mot. to Remand at 2.)

sentences four and six.[2]  (Pl.'s Reply to Def.'s Response Opp. Mot. to Amend at 3-4.)

In this appeal, the plaintiff contends the ALJ erred in his analysis of the treating physicians' opinions and whether the plaintiff met the criteria of Listing 1.02.  Additionally, the plaintiff contends the case should be remanded because the Appeals Council failed to consider additional evidence.  The plaintiff submitted medical records to the Appeals Council showing that she underwent knee replacement surgery three weeks after the hearing and four months prior to the ALJ's decision.  This evidence was relevant to the time period prior to the ALJ's decision and material as it went to the credibility of the plaintiff.  The Appeals Council did not include this evidence in the administrative record and did not address it in it decision denying review.

In social security cases, a remand may be ordered under sentence four or sentence six of 42 U.S.C. § 405(g).  Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  When the court remands under sentence four, it has considered the merits and has found some error in the agency's decision requiring reversal of the agency's decision and further administrative proceedings.

Sentence six remands may be ordered in only two situations: (1) where the Commissioner requests a remand before answering the complaint; and (2) where new, material evidence was not presented to the agency for good cause. *See Shalala v.*

---

[2]The plaintiff's motion to amend was initially denied (Docket Entry # 16), but subsequently the court vacated this order.  (Docket Entry # 18.)

*Schaefer*, 509 U.S. 292, 297 n. 2 (1993).  Sentence six of § 405(g) provides, in part: "The court may . . . remand the case to the Commissioner of Social Security for further action by the Commissioner, and may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . ."  By ordering a remand under sentence six of 42 U.S.C. § 405(g), the court "does not rule in any way as to the correctness of the administrative determination."  *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).[3]

A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), upon expiration of the time for appeal.  *Schaefer*, 509 U.S. at 297, 302; *see also Melkonyan*, 501 U.S. at 102.  A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees.  *Schaefer*, 509 U.S. at 301-02.  Unlike sentence four remands, sentence six remands do not constitute final judgments.  Rather, "[i]n sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs."  *Melkonyan*, 501 U.S. at 102.

Here, both the plaintiff and the Commissioner agree that the ALJ erred in his

---

[3] A sentence six remand is appropriate when the plaintiff satisfies four prerequisites. 42 U.S.C.A. § 405(g); *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985).  First, the evidence must be new.  Second, it must be material.  Third, there must be good cause for the "failure to submit the evidence when the claim was before the Secretary."  Fourth, the claimant must make "'at least a general showing of the nature' of the new evidence."  *Id*.

analysis regarding the treating physicians' opinions and the Appeals Council erred by failing to consider and include new evidence in the record. The Commissioner has moved for a remand pursuant to sentence four, while the plaintiff is seeking a "dual remand" pursuant to both sentences four and six, (Pl.'s Reply to Def.'s Response Opp. Mot. to Amend at 3-4). The plaintiff cites to the Eleventh Circuit which has sanctioned dual remands. *See e.g. Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir.1996). As the plaintiff notes, however, the Fourth Circuit has not sanctioned dual remands. In fact, besides the Eleventh Circuit, no other circuit has recognized a dual remand.[4] Likewise, the undersigned declines to recognize and recommend such a remand.

This case should be remanded pursuant to sentence four. Furthermore, although this case involves the presence of new, additional evidence, the court is not recommending that additional evidence be taken. On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence which was presented to the Appeals Council. Based on the foregoing, the undersigned recommends this case be REMANDED pursuant to sentence four.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>United States Magistrate Judge

November 7, 2006
Greenville, South Carolina

---

[4] In fact, it appears that only the District Court of Connecticut in an unpublished opinion has followed the Eleventh Circuit. *Olivero v. Barnhardt*, 2006 WL 980562 (D. Conn. March 24, 2006).

8:06-cv-00264-CMC     Date Filed 11/07/06     Entry Number 23     Page 5 of 5